IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEELWORKERS PENSION TRUST, by DANIEL A. BOSH, Chairman, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 22-1198<br>) Magistrate Judge Maureen P. Kelly<br>) |
| v. | )<br>) |
| REPUBLIC STEEL, | )<br>) |
| Defendant. | )<br>) |

# OPINION

Plaintiff Steelworkers Pension Trust ("SPT"), by Daniel A. Bosh, Chairman, brings this ERISA Collection Act for unpaid contributions, interest, liquidated damages, and attorneys' fees against Defendant Republic Steel. ECF No. 1. This matter is before the Court following the conclusion of a bench trial held on December 13, 2022.[1] The parties submitted supplemental post-trial briefs on December 21, 2022. ECF Nos. 35 and 36.

Based on the evidence, testimony and argument presented at the bench trial and in post-trial briefs, the Court makes the following findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52, mindful that SPT bears the burden of proof by a preponderance of the evidence, and that the Court is the sole judge of the evidence, including the credibility of the trial witnesses.

**I.    FINDINGS OF FACT**

1.   The SPT is a multiemployer plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF No. 21.

2. The SPT is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

3. The SPT is a jointly administered employee benefit trust fund composed of an equal number of union and management trustees, established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act (Taft-Hartley Act), 29 U.S.C. § 186(c)(5). The SPT and its Trustees maintain their principal place of business at an office located at 60 Boulevard of the Allies, Suite 600, Pittsburgh, Pennsylvania 15222.

4. Defendant, Republic Steel, is a corporation incorporated under the laws of the State of Ohio and maintains its principal place of business at 2633 8th Street, N.E., Canton, Ohio 44704.

5. Republic Steel is engaged in the business of manufacturing.

6. Republic Steel has been a contributing employer since in or around 2002.

7. Republic Steel has entered into certain Collective Bargaining Agreements ("CBAs") and a Pension Incorporation Agreement ("PIA") with the United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (collectively, the "Agreements").

8. By virtue of being a signatory to the Agreements, Republic Steel was bound to the terms of the SPT's Declaration of Trust and Amendments.

9. Pursuant to the Agreements, Republic Steel agreed to make designated contributions to the SPT for various employees covered by the CBAs.

10. Pursuant to the Agreements, Republic Steel is required to deposit its contributions to the SPT each month and submit a monthly remittance report detailing the amount of hours that the covered employees worked during that month under the CBAs.

11. Republic Steel has submitted a monthly remittance report to the SPT for those of its employees who performed work covered under the CBA in July 2019.

12. Republic Steel sent a payment to the SPT for $196,156.56 for principal contributions owed for the July 2019 work month.

13. The SPT sent a discrepancy invoice to Republic Steel showing a shortage of $117.55 for the July 2019 work month after Republic Steel's wire payment.

14. Republic Steel sent a payment to the SPT on April 1, 2022 for $151,974.97 for principal contributions owed for the February 2022 work month.

15. For the work months of March 2022 through September 2022, Republic Steel submitted monthly remittance reports to the SPT without payment.

16. For the October 2022 work month, Republic Steel has not submitted a remittance report or payment by November 10, 2022.

17. On July 19, 2022, the SPT sent Republic Steel a letter demanding payment of certain delinquent contributions.

18. The SPT initiated this lawsuit by filing its Complaint on August 19, 2022.

19. As of December 13, 2022, Republic Steel had not made any payments to the SPT for the delinquent contributions or damages claimed in this matter.

20. Liability is not disputed by either party, rather, only the amount of contributions and damages owed to the SPT is disputed.

21. Republic Steel continues to operate and continues to perform covered work.

## II. CONCLUSIONS OF LAW

### A. Unpaid Monthly Contributions

1. Work months ended March 2022 through October 2022

The parties do not dispute that Republic Steel owes the following amounts for the work months ended March 2022 through October 2022.

| Work Month Ended | Monthly Contributions |
|---|---|
| 3/31/2022 | $161,518.48 |
| 4/30/2022 | $149,581.98 |
| 5/31/2022 | $129,971.34 |
| 6/30/2022 | $138,244.93 |
| 7/31/2022 | $123,976.12 |
| 8/31/2022 | $142,143.61 |
| 9/30/2022 | $120,005.35 |
| 10/31/2022 | $120,973.67 |

2. Work month ended July 2019

No evidence was presented disputing that Republic Steel owes the following amount for the work month ended July 2019.

| Work Month Ended | Monthly Contribution |
|---|---|
| 7/31/2019 | $117.55 |

3. Work month ended November 2022

Republic Steel submitted a report indicating that $84,558.05 is owed for the work month that ended on November 30, 2022. Ex. 38.[2] For this same period, however, the SPT presented an

---

[2] All citations to exhibits refer to exhibits introduced at the December 13, 2022 bench trial of this matter.

4

alternate estimate of $127,707.54 based on the prior three month average. Ex. 1. Because the parties expect Republic Steel to report adjustments to the contributions owed for this time period by January 10, 2022, the Court will defer ruling on the amounts owed for the work month ended November 2022 pending further submissions to the Court.

4. Based on the foregoing, SPT is entitled to unpaid monthly contributions in the amount of $1,086,533.03 for the work month ended July 31, 2019 and work months ended March 2022 through October 2022.

**B. Interest**

5. Republic Steel became a contributing employer to the SPT in 2002 by signing a CBA and PIA. Exs. 3 and 5.

6. The PIA expressly incorporates the SPT's Declaration of Trust. Exs. 5 and 8.

7. The parties have stipulated that, by virtue of being a signatory to the Agreements, Republic Steel was bound by the terms of the SPT's Declaration of Trust and Amendments. ECF No. 27 ¶ 8.

8. Section 12.07(a)(1) of the 2014 Amendment to the Declaration of Trust provides that the SPT is entitled to interest on delinquent contributions equal to 1.25% per month or portion thereof. Ex. 9.

9. Based on the foregoing 1.25% per month interest rate in light of the unpaid contributions identified above, SPT is entitled to interest in the amount of $65,247.85.

| Work month Ended | Monthly Contributions | Interest |
|---|---|---|
| 7/31/2019 | 117.55 | $58.98 |
| 2/28/2022 | | |
| 3/31/2022 | $161,518.48 | $16,395.23 |
| 4/30/2022 | $149,581.98 | $13,339.43 |

5

| 5/31/2022 | $129,971.34 | $9,934.80 |
| --- | --- | --- |
| 6/30/2022 | $138,244.93 | $8,862.83 |
| 7/31/2022 | $123,976.12 | $6,368.64 |
| 8/31/2022 | $142,143.61 | $5,491.03 |
| 9/30/2022 | $120,005.35 | $3,156.31 |
| 10/31/2022 | $120,973.67 | $1,640.60 |
|  | **$1,086,533.03** | **$65,247.85** |

**C. Liquidated Damages**

10. Section 12.07(a)(2) of the 2014 Amendment to the Declaration of Trust also provides for liquidated damages in an amount equal to 10% of the delinquent contributions. Ex. 9.

11. Courts have found this amount to be standard and reasonable. See, e.g., Bricklayers & Allied Craftworkers Loc. 1. of Pa./Del. v. Penn. Valley Tile, Inc., 175 F. Supp. 3d 487, 497 (E.D. Pa. 2016) ("Further, liquidated damages of ten percent, as requested in this case, has specifically been found to be a reasonable estimate of compensatory damages unless evidence in the record demonstrates otherwise.").

12. Counsel for Republic Steel also acknowledged at trial that liquidated damages of ten percent is standard.

13. Therefore, Republic Steel is liable for liquidated damages as to any unpaid monthly contributions for the work month ended July 31, 2019 and for the work months ended March 2022 through October 2022.

14. Republic Steel is also liable for liquidated damages relative to its late payment of its monthly contribution for the work month ended February 2022. Scott v. Absolute Insulation, Inc., No. 06-1174, 2007 WL 2728551, at *3 (W.D. Pa. Sept. 17, 2007) ("Plaintiffs nevertheless

6

may recover interest and liquidated damages in accordance with the terms of the parties' agreement" as to delinquent contributions that were paid prior to the commencement of the action); see also Operating Engineers Local 139 Health Benefit Fund v. Gustafson Const. Corp., 258 F.3d 645, 655 (7th Cir. 2001).

15. Based on the foregoing, SPT is entitled to liquidated damages in the amount of $122,294.46.

| Work month Ended | Monthly Contributions | Liquidated Damages |
|---|---|---|
| 7/31/2019 | 117.55 | $11.76 |
| 2/28/2022 | | $13,641.16 |
| 3/31/2022 | $161,518.48 | $16,151.85 |
| 4/30/2022 | $149,581.98 | $14,958.19 |
| 5/31/2022 | $129,971.34 | $12,997.13 |
| 6/30/2022 | $138,244.93 | $13,824.49 |
| 7/31/2022 | $123,976.12 | $12,397.61 |
| 8/31/2022 | $142,143.61 | $14,214.36 |
| 9/30/2022 | $120,005.35 | $12,000.54 |
| 10/31/2022 | $120,973.67 | $12,097.37 |
| | $1,086,533.03 | $122,294.46 |

D. **Attorneys' Fees and Costs**

16. SPT is also entitled to reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g)(2). The Court will separately consider a motion for attorneys' fees and costs. Such motion must be filed by SPT on or before February 3, 2023.

III. **CONCLUSION**

Based on the findings of fact and conclusions of law set forth herein, a verdict in favor of SPT is entered. SPT, by Daniel A. Bosh, Chairman, is awarded monetary damages for unpaid monthly contributions for the work months ended July 31, 2019 and March 31, 2022 through

7

October 31, 2022, interest, and liquidated damages in the amount of **$1,274,075.34**. A judgment order will be entered.

SPT is also entitled to attorneys' fees and costs as provided by the statute in an amount to be determined. The Court defers ruling on amounts owed for the work month ended November 30, 2022 pending further briefing. The Court will enter a scheduling order for the parties to submit supplemental briefing relative to attorneys' fees and costs, as well as amounts owed for the work month ended November 2022.

Dated: January 4, 2023

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF.