IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEELWORKERS PENSION TRUST, by DANIEL A. BOSH, Chairman, <br><br> Plaintiff, <br><br> v. <br><br> REPUBLIC STEEL, <br><br> Defendant. | Civil Action No. 22-1198 <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 50 |

**MEMORANDUM ORDER**

Plaintiff Steelworkers Pension Trust ("SPT"), by Daniel A. Bosh, Chairman, brings this ERISA Collection Act for unpaid contributions, interest, liquidated damages, and attorneys' fees against Defendant Republic Steel. ECF No. 1. Following a bench trial of this matter, the Court entered judgment in SPT's favor. ECF Nos. 38 and 45.

Presently before the Court is Republic Steel's Motion to Stay Execution on the Judgment and Proceedings to Enforce the Judgment for 30 Days and Set the Bond Amount ("Motion to Stay"). ECF No. 50. As relief, Republic Steel requests a thirty-day stay on the execution of judgment and any proceedings to enforce judgment, and it asks the Court to approve the amount of the bond to be secured under Federal Rule of Civil Procedure 62(b) as $1,465,391.71.

For the reasons below, the Motion to Stay is granted in part and denied in part.[1]

**I. RELEVANT PROCEDURAL HISTORY**

On January 4, 2023, the Court entered an Opinion stating Findings of Fact and Conclusions of Law and Judgment in favor of SPT in the amount of $1,274,075.34. ECF Nos. 37 and 38. The

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF No. 21.

original Judgment included amounts owed by Republic Steel for the work months ended July 2019 and March 2022 through October 2022. ECF No. 37 at 4-7. Pending further briefing, the Court deferred ruling on amounts owed for the work month ended November 2022. Id. at 8.[2]

On January 26, 2023, the parties submitted a supplemental Joint Stipulation of Proposed Findings of Fact ("Joint Stipulation"). ECF No. 43. In the Joint Stipulation, the parties reported updated information regarding amounts owed for the work month ended November 2022. The parties also stipulated to adjusted amounts owed for the work months ended August, September, and October 2022. Upon consideration, the Court issued an Amended Opinion stating Findings of Fact and Conclusions of Law and an Amended Judgment in the amount of $1,399,743.73 on January 31, 2023. ECF Nos. 44 and 45.

On February 3, 2023, Republic Steel filed a notice of appeal to the United States Court of Appeals for the Third Circuit from the Court's original and amended Judgments, ECF Nos. 38 and 45, and original and amended Findings of Fact and Conclusions of Law, ECF Nos. 37 and 44. ECF No. 48.

Several days later, on February 7, 2023, SPT filed a Praecipe for Writ of Execution, seeking a writ of execution for the balance of $1,274,075.34 owed under the original January 4, 2023 Judgment. ECF No. 49 at 1.

**B. Motion to Stay**

On February 7, 2023, Republic Steel filed the instant Motion to Stay and Brief in Support. ECF No. 50. Republic Steel requests a thirty-day stay of execution of judgment and any proceedings to enforcement judgment, and it requests the Court to approve the amount of bond to be secured under Rule 62(b) as $1,465,391.71. Id.

---

[2] The Court also allowed SPT to file a separate motion for attorneys' fees and costs, which is pending at ECF No. 46.

In support, Republic Steel argues that a stay is appropriate for two reasons. First, it argues that SPT's Praecipe for Writ of Execution violates the automatic stay under Federal Rule of Civil Procedure 62(a). Because the original Judgment was amended on January 31, 2023, and that Amended Judgment is subject to a thirty-day automatic stay until March 2, 2023 under Rule 62(a), Republic Steel argues, a writ of execution is premature. Id. at 3-4.

Second, Republic Steel argues that it intends to post a bond to secure a stay pending appeal under Rule 62(b), so that it can preserve the status quo while it pursues its appeal. Republic Steel argues that SPT's counsel would not confer with it regarding what is a sufficient amount for the bond, and that it needs the Court to weigh in on this issue before it secures a bond. Based on this, Republic Steel asks the Court to order the amount of the bond be set at $1,465,391.71—the amount owed under the Amended Judgment plus one year of interest calculated at the rate set by 28 U.S.C. § 1961 (4.69%)—and to impose a thirty-day stay on the execution of judgment so that it can obtain a bond in this amount. Id.

**C. Response in Opposition**

SPT filed a Response in Opposition on February 17, 2023. ECF No. 53. In the response, SPT argues that Republic Steel's request for a stay violates Rule 62(b). Under Rule 62(b), it argues, Republic Steel cannot obtain a stay until it presents the Court with a bond or other security for approval. SPT argues that it is unclear if Republic Steel could ever obtain such a bond, noting that Republic Steel has stipulated to owing principal contributions totaling $1,198,580.75, and that it has other creditors with large claims against it. Id. at 2-5.

SPT also argues that its Praecipe for Writ of Execution does not violate the automatic stay under Rule 62(a). SPT notes that it filed this request on February 7, 2023—more than 30 days after the Court originally entered Judgment on January 4, 2023. Although the Court later amended

its Judgment, SPT argues, it only did so to increase the amount owed based on subsequent adjustments reported by Republic Steel. Id. at 4-5.

Because Republic Steel has not posted any bond for approval under Rule 62(b), SPT also argues the Court should not opine on what would be a sufficient amount. If the Court considers this request, however, SPT proposes that the bond amount should instead be set at $1,627,991.08, which additionally includes attorneys' fees, estimated appellate costs and post-judgment interest. Id. at 5-6.

The Motion to Stay is now ripe for consideration.

## II.  DISCUSSION

### A. Execution of Judgment is Stayed until March 2, 2023

Upon review, the Court finds that execution of judgment is stayed until March 2, 2023. Under Rule 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). Although the Court originally entered Judgment on January 4, 2023, it subsequently amended that Judgment on January 31, 2023. ECF Nos. 38 and 45. Because enforcement of the Amended Judgment is automatically stayed for 30 days under Rule 62(a), the stay remains in effect until March 2, 2023.

However, there is no basis to extend the stay for an additional 30 days under Federal Rule of Civil Procedure 62(b), as Republic Steel requests. Under Rule 62(b):

> At any time after judgment is entered, a party may obtain a stay *by providing a bond or other security*. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b) (emphasis added).

As this Court has recognized, this "language clearly and unequivocally states that if a party seeks a stay at any time after a judgment is entered, it may do so by providing a bond or other

4

security." Steelworker Pension Trust by Bosh v. Renco Grp., Inc., No. 18-142, 2019 WL 6828420, at *2 (W.D. Pa. Dec. 13, 2019). Because Republic Steel has not provided a bond or other security and there is no arguable basis to exempt it from this requirement, an additional stay is improper under Rule 62(b).[3]

**B. Amount of Bond**

Republic Steel also requests that the Court approve a proposed bond amount of $1,465,391.71. Rule 62(b) does not direct the form or amount of a supersedeas bond. Courts thus have "discretion as to the proper form of a supersedeas bond necessary to secure a stay in the execution of the judgment." Cashman Equip. Corp. v. U.S. Fire Ins. Co., No. 06-3259, 2008 WL 5000355, at *3 (E.D. Pa. Nov. 21, 2008).

In considering the sufficiency of the amount, however, courts in the Third Circuit have looked to former Federal Rule of Civil Procedure 73(d) to require that the amount of the supersedeas bond "should normally be fixed to satisfy the judgment in full, plus interest, costs, and damages for delay." Carnegie Mellon Univ. v. Marvell Tech. Grp. Ltd., No. 09-290, 2014 U.S. Dist. LEXIS 191444, at *6 (W.D. Pa. Apr. 21, 2014) (quoting United States v. Kurtz, 528 F. Supp. 1113, 1114 (E.D. Pa. 1981)). The Court also considers that the "primary purpose of a supersedeas bond is 'to preserve the status quo during the pendency of an appeal' and to protect [SPT] 'from the possibility of loss resulting from the delay in execution.'" Cashman, 2008 WL

---

[3] As Republic Steel points out, courts have held there is discretion to waive the bond requirement where, for example, the court is satisfied the judgment debtor has sufficient funds to pay if the judgment is affirmed and there will be no delay in doing so. See, e.g., Fed. Prescription Serv. v. Am. Pharm. Ass'n, 636 F.2d 755, 760-61 (D.C. Cir. 1980) (affirming waiver of bond requirement where judgment debtor's financial soundness was sufficient to guarantee payment of the judgment). But Republic Steel does not contend that is financially sound or that it would otherwise be appropriate to waive the bond in this case. To the contrary, it states that it is not seeking such a waiver. ECF No. 50 at 4.

5000355, at *4 (quoting HCB Contractors v. Rouse & Assoc., 168 F.R.D. 508, 512 (E.D. Pa. 1995)).

Applying this standard, Republic Steel's proposed bond amount, $1,465,391.71, is insufficient to protect SPT's interests on appeal. The proposed bond amount only covers the amount Republic Steel owes under the Amended Judgment, with one year of interest from that date.[4] As SPT points out, this does not include attorneys' fees and costs to which SPT is entitled, including the approximately $78,000 in uncontested fees and costs that SPT has already incurred, and the $5,000 in fees for SPT to respond to this motion. ECF No. 46.[5] Nor does it account for any anticipated fees and costs on appeal, which SPT estimates at around $75,000, or post-judgment interest between January 4, 2023 (the original Judgment) and January 31, 2023 (the Amended Judgment), of about $4,457.87. Because any supersedeas bond should, at a minimum, account for these additional fees and costs to preserve the status quo and protect SPT's interests, the Court denies Republic Steel's unsupported request to approve a $1,465,391.71 bond amount.

To the extent that Republic Steel seeks to post a supersedeas bond, the Court agrees with SPT that it must be in the amount of $1,627,991.08.

### III. CONCLUSION

Based on the foregoing, the Court finds the Motion to Stay should be granted in part and denied in part. An appropriate Order follows.

---

[4] Despite moving for this relief, the Court notes that Republic Steel proffers no legal authority or argument as to why this is a reasonable bond amount for the Court to approve.

[5] Republic Steel has notified the Court that it does not intend to oppose SPT's Motion for Attorneys' Fees and Costs, in which SPT requests $78,141.50 as of February 3, 2023. ECF No. 46.

**ORDER**

AND NOW, this 27th day of February, 2023, IT IS HEREBY ORDERED that Defendant Republic Steel's Motion to Stay, ECF No. 50, is GRANTED IN PART and DENIED IN PART. The Motion to Stay is GRANTED IN PART insofar as execution of judgment and enforcement of judgment proceedings is stayed until March 2, 2023. The Motion to Stay is DENIED in all other respects.

Dated: February 27, 2023

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF.